UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENNIS RIVERS,<br><br>         Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>         Defendant. | Case No.: 18cv2369-CAB-WVG<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; and DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 3]** |

## INTRODUCTION

On October 16, 2018, Plaintiff, proceeding *pro se*, filed a complaint challenging the decision of the Commissioner of Social Security to deny Plaintiff Social Security benefits [Doc. No. 1], an application to proceed *in forma pauperis* [Doc. No. 2], and a motion for appointment of counsel [Doc. No. 3]. After a review of Plaintiff's pleadings, and for the reasons stated herein, this Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **DENIES** Plaintiff's motion for appointment of counsel.

**A. Motion to Proceed In Forma Pauperis**

A court may authorize the commencement of a suit without prepayment of fees if

1

the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fees. *See* 28 U.S.C. § 1915(a). Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

This Court has conducted a *sua sponte* review of Plaintiff's allegations and finds that Plaintiff's claims do not appear, on their face, to be frivolous or malicious. In addition, Plaintiff's complaint does not appear, on its face, to fail to state a claim pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), nor does Defendant appear to be immune from suit.

Regarding Plaintiff's ability to proceed without payment of fees, Plaintiff indicates he is receiving VA disability benefits in the amount of $3500 per month. [Doc. No. 2 at 2.] He is also employed part-time at Job Options and earns $1000 per month. [Doc. No. 2 at 2.] Plaintiff represents that he received no money from any other sources in those preceding twelve months and has no assets. [*Id.* at 2-3.] Plaintiff's wife and five sons rely on him for support. [*Id.* at 3.] This Court finds that, based upon Plaintiff's representations, Plaintiff has shown that he is unable to pay the fees required to commence his lawsuit. Therefore, this Court **GRANTS** Plaintiff's motion to proceed in forma pauperis.

**B. Motion for Appointment of Counsel**

In addition to Plaintiff's motion to proceed in forma pauperis, Plaintiff also filed a motion for appointment of counsel, and included a declaration in support of this request. Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v.*

*Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires a finding of "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilson v. Esalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to articulate his claims *pro se*. *Id.* "Neither of these issues is dispositive and both must be viewed before reaching a decision." *Id.*

Although Plaintiff has established his indigence by successfully obtaining *in forma pauperis* status, appointing counsel to represent Plaintiff would be inappropriate because he has failed to show that he made any effort to obtain counsel. [Doc. No. 3 at 2.] He also has failed to show that exceptional circumstances necessitate appointment of counsel to represent him in this matter. First, Plaintiff offers no evidence to substantiate his claim that the decision of the Commissioner of Social Security was inappropriate. Second, Plaintiff's motion for appointment of counsel fails to explain how the complexity of Plaintiff's action would prevent him from articulating his claims *pro se*. For the foregoing reasons, Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.
2. Plaintiff's request for appointment of counsel is **DENIED** without prejudice.

3
18cv2369-CAB-WVG

3. The United States Marshal Service shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

**IT IS SO ORDERED.**

Dated: October 16, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge